IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK MARVIN PHILLIPS, JR.,                           CV. 01-1252-HA

               Plaintiff,                    OPINION AND ORDER

   v.

LYNN HUST,

               Defendant.

HAGGERTY, District Judge.

      Frank Marvin Phillips, JR.
      SID #6199033
      Snake River Correctional Institution
      777 Stanton Boulevard
      Ontario, Oregon 97914-8335

         Plaintiff, *Pro Se*

      Leonard W. Williamson
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, OR 97301-4096

         Attorney for Defendant

///


1 - OPINION AND ORDER

HAGGERTY, District Judge.

This 42 U.S.C. § 1983 case comes before the court following remand by the Ninth Circuit Court of Appeals for clarification of the court's previous award of damages to plaintiff.

**BACKGROUND**

*Pro se* plaintiff Frank Marvin Phillips, Jr., an inmate at the Snake River Correctional Institution ("SRCI") at the time of filing, brought this 42 U.S.C. § 1983 civil rights action against defendant Lynn Hust, the Law Librarian at SRCI. Defendant Hust denied plaintiff the use of a comb-binding machine to bind his petition for a writ of certiorari to the United States Supreme Court immediately following the conclusion of his post-conviction review proceedings in Oregon's state courts. This delayed plaintiff's filing, leading the Supreme Court to deny the certiorari petition as untimely. As a result, plaintiff lost his opportunity to present an ineffective assistance of appellate counsel claim to the U.S. Supreme Court following his state post-conviction proceedings.

Based on his inability to timely access the U.S. Supreme Court, plaintiff filed this civil rights action in which he raised three grounds for relief, two of which the parties settled. The court granted plaintiff summary judgment on the third claim in which he alleged that defendant Hust violated his First Amendment

right to access the courts when she refused to allow him access to the comb-binding machine.

On September 20, 2004, the court held a hearing to determine damages for the First Amendment violation. The court ultimately awarded plaintiff compensatory damages in the amount of $1500.00, and recommended for publication its Opinion and Order [49] resolving the parties' cross-motions for summary judgment.

On October 2, 2007, the Ninth Circuit Court of Appeals affirmed this court's grant of summary judgment in plaintiff's favor, but vacated the Judgment and remanded the case for the limited purpose of supplementing its findings regarding its damages award.

## DISCUSSION

The Court of Appeals concluded that this court failed to describe its damages award with particularity. It instructs this court to make additional findings with respect to the following: (1) the amount of plaintiff's costs in the collateral litigation; (2) the basis for the court's valuation of plaintiff's post-conviction relief claim; and (3) plaintiff's claims for mental or emotional injury.

The court's award of $1500.00 was intended to include all of these damages. Plaintiff estimated his costs over approximately 18 years of litigation at between $1,000 and $4,000. Damages Hearing Transcript [102], p. 43. However, these costs associated with his

3 - OPINION AND ORDER

direct appeal, post-conviction review, and federal habeas corpus proceedings, and were not limited to the injury of which plaintiff complained--the deprivation of his day in the U.S. Supreme Court. *Id.* To allow plaintiff to recover his litigation costs for his state post-conviction trial, appeal, and review in the Oregon Supreme Court (where he enjoyed adequate access to each of those courts) would suggest that Oregon's state post-conviction process is a mere sham, and that plaintiff only participated in those proceedings in order to preserve a claim for U.S. Supreme Court review. As there is no evidence in the record to support such a proposition, plaintiff's only compensable litigation costs arising from defendants' actions were those associated with his certiorari petition.[1] To the extent that defendant Hust's actions devalued plaintiff's ineffective assistance of appellate counsel claim in the state post-conviction proceedings occurring prior to the constitutional violation, that measure of damages is included in the court's valuation of the lost claim.

Plaintiff's compensable litigation costs arising out of his petition to the U.S. Supreme Court include the $300 filing fee required by Supreme Court Rule 38(a) as well as copying costs for the certiorari petition, itself, which plaintiff described in a

---

[1] Because the constitutional violation leading to the untimely certiorari petition was wholly separate from plaintiff's direct appeal or federal habeas proceedings (during which he had adequate access to the courts), the litigation costs of the direct appeal and federal habeas action are also not recoverable.

prison communication as "over 100 pages" and an inch and one-quarter thick. Defendant's Motion for Summary Judgment [32], Att. 9, pp. 6-7. Assuming plaintiff's petition for a writ of certiorari and any accompanying documents such as an *in forma pauperis* application amounted to 200 pages total, his copying costs within the institution would have been $20.00. *See* OAR 291-139-0040(2)(b) (charging inmates $.10 per photocopy).[2] Accordingly, plaintiff is entitled to $320.00 for the cost of his certiorari filing, *i.e.*, "the cost of the litigation that was prematurely cut short by a defendant's wrongful conduct" which caused him to be "robbed of his day in court, of the opportunity to be heard, whether he prevailed or not." *Phillips v. Hust*, 477 F.3d 1070, 1081-82 (9th Cir. 2007).

With respect to the value of plaintiff's lost claim and the resulting mental and emotional injury, the damages stemming from these injuries cannot be ascertained with precision. Indeed, as the court previously concluded in its post-trial Findings of Fact and Conclusions of Law, whether the Supreme Court would have granted certiorari and further found in plaintiff's favor is unknowable.[3] The measure of damages is predicated on the fact that

---

[2] Although *in forma pauperis* litigants are generally required to file an original and 10 copies of a petition for a writ of certiorari, Supreme Court Rule 12.2 allows an incarcerated individual proceeding *in forma pauperis* to file only the original.

[3] During the damages hearing held on September 20, 2004, the court concluded that the strength of the ineffective assistance of

plaintiff had an arguable claim and, even though it was not established, the claim had value. *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996). The court found damages pertaining to claim value and emotional injury and bundled them together with the litigation costs arising out of the certiorari petition. This resulted in plaintiff's total award of $1500.00.

The Court of Appeals also determined that this court's remarks as to plaintiff's claims to recover the costs of his collateral litigation were inconsistent because the court advised plaintiff in its post-trial findings that he could submit a cost bill, but later stated that the state-court costs had been included in the award of damages. As illustrated above, the only compensable litigation costs, *i.e.*, those arising from the unconstitutional deprivation of plaintiff's access to the U.S. Supreme Court, were included in the court's $1500.00 award. Plaintiff is not entitled to costs for proceedings during which he had adequate access to the courts. This court's invitation to submit a cost bill pursuant to Local Rule 54.1 (which contemplates the award of prevailing party costs) was limited to costs incurred while litigating the § 1983 action only. When plaintiff submitted a cost bill which asked the court

---

appellate counsel claim was "not an issue before the Court." Damages Hearing Transcript [102], p. 37. As the Court of Appeals noted, plaintiff did not request the economic value of the remedy he sought in the underlying suit, but instead focused on his litigation costs and the fact that he was robbed of his day in court. *Phillips*, 477 F.3d at 1081 (9th Cir. 2007).

6 - OPINION AND ORDER

to award him costs pertaining only to his state-court actions, the
court denied the request for reimbursement because it had already
awarded costs pertaining to his underlying litigation as part of
the $1500.00 award.

### CONCLUSION

For the reasons identified above, plaintiff is awarded damages
of $1500.00.  Plaintiff's award of $1500.00 in this case includes:
(1) the costs incurred during the course of this § 1983 litigation;
(2) the value of plaintiff's post-conviction claim which he was
unable to present to the U.S. Supreme Court; and (3) plaintiff's
claim for mental and emotional injury.

DATED this  15th  day of November, 2007.


        /s/Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge